UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAKEEM DAVIS,

Plaintiff,

v.

JUDGE LAURA JOHNSON; ASSISTANT DISTRICT ATTORNEY SARAH LYONS; RIKERS ISLAND; BROOKLYN 90 PCT; and ARMS ACRES,

Defendants.

**MEMORANDUM AND ORDER**
26-CV-05131 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On August 19, 2026, Plaintiff Rakeem Davis, currently incarcerated at the Hudson County Correctional Facility, filed this *pro se* action against Defendants Judge Lauran Johnson, Assistant District Attorney Sarah Lyons, Rikers Island, the 90th Police Precinct, and Arms Acres pursuant to 42 U.S.C. § 1983 ("Section 1983"). ECF No. 1 ("Compl.").[1] Plaintiff's application to proceed *in forma pauperis* ("IFP") is GRANTED pursuant to 28 U.S.C. § 1915. *See* ECF No. 2. However, for the reasons set forth below, the Complaint is DISMISSED without prejudice with leave to amend by October 13, 2026.

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise indicated, when quoting cases and the Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations.

## BACKGROUND[2]

Plaintiff asserts that Judge Laura Johnson issued a bench warrant and remanded him "for no reason." Compl. at 3–4. Although unclear, Plaintiff alleges that Arms Acres,[3] a private facility that provides treatment for addiction and mental health disorders, dropped him off at the wrong location, leaving him stranded with no way to contact his family. *Id.* at 4. He also asserts that while detained at Rikers Island, an unnamed correction officer mistreated him, causing lacerations to his wrist, and sprayed him with mace. *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, a district court is required to dismiss a case if the court

---

2 The Court draws the following facts from the Complaint. The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

3 *See* https://perma.cc/7X9E-FZSK (last visited September 8, 2026).

determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

## I. Judicial Immunity

Plaintiff's claim against Judge Laura Johnson is foreclosed by absolute judicial immunity. *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). "Judges are . . . subject to suit only for (1) 'nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity'; and (2) 'actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020) (quoting *Mireles*, 502 U.S. at 11–12). The complete absence of jurisdiction requirement means that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009); *Cora v. Lebron*, No. 24-cv-327, 2024 WL 308244, at *2 (E.D.N.Y. Jan. 26, 2024).

Here, there are no plausible facts suggesting that Judge Johnson's actions, namely issuing a bench warrant for Plaintiff's arrest and remanding him to custody, were outside her judicial capacity or that she exceeded her jurisdiction. Therefore, Judge Johnson is immune from Plaintiff's suit for monetary damages. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))); *Manchanda v. Reardon*, No. 23-cv-9292, 2024 WL 382116, at *9 (S.D.N.Y. Feb. 1, 2024). Accordingly, Plaintiff's claim against Judge Johnson is dismissed. *See* 28 U.S.C. § 1915A.

## II. Prosecutorial Immunity

Plaintiff asserts no factual allegations against Assistant District Attorney Sarah Lyon. Notwithstanding this deficiency, the doctrine of absolute immunity applies broadly to shield a prosecutor from liability for monetary damages in Section 1983 suits brought against prosecutorial actions that are intimately associated with the judicial phase of the criminal process and their role

as advocates. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *Pass v. New York State*, No. 22-cv-03865, 2022 WL 3566550, at *3 (E.D.N.Y. Aug. 18, 2022). A suit for monetary damages against a district attorney or an assistant district attorney, in their official capacities, is a suit against New York State and is barred by the Eleventh Amendment. *See Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 535–36 (2d Cir. 1993) (reaffirming that the Eleventh Amendment bars official-capacity suits based "on decisions whether or not, and on what charges, to prosecute").

To the extent Plaintiff brings this claim because he was prosecuted by Assistant District Attorney Lyons, the claim is barred by absolute immunity. *See* 28 U.S.C. § 1915A; *see also Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (claims dismissed for prosecutorial immunity are deemed frivolous); *DeFreitas v. Toulon*, No. 23-cv-5933, 2024 WL 308250, at *9 (E.D.N.Y. Jan. 26, 2024) (noting that the District Attorney is shielded from suit by absolute prosecutorial immunity). Accordingly, Plaintiff's claim against Assistant District Attorney Lyons is dismissed. *See* 28 U.S.C. § 1915A.

### III. Plaintiff's Claims against the 90th Police Precinct and Rikers Island

Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396. This provision has been construed to mean New York City departments and agencies, such as the New York City Police Department. *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Dowtin v. 73rd Precinct Police Dept.*, No. 23-cv-02286, 2025 WL 510044, at *2 (E.D.N.Y. Feb. 15, 2025) (police precinct is not a suable entity).

Further, Rikers Island is not a "person" within the meaning of § 1983, and as a part of the New York City Department of Correction, an agency of the City of New York, cannot be sued

independently. *See, e.g.*, *Jackson v. City of New York*, No. 26-cv-268, 2026 WL 791901, at *2 (S.D.N.Y. Mar. 20, 2026) (noting that the correctional facilities on Rikers Island are not suable under Section 1983); *Clarke v. Rikers Island, W. Facility*, No. 23-cv-06561, 2024 WL 4362491, at *2 (E.D.N.Y. Sept. 30, 2024) (noting that Rikers Island is not a "person" within the meaning of § 1983 "and as a facility operated by the New York City Department of Correction . . . cannot be sued independently"). Accordingly, Plaintiff's claims against the 90th Police Precinct and Rikers Island are dismissed for failure to state a claim upon which relief may be granted.[4] *See* 28 U.S.C. § 1915A.

### IV. Plaintiff's Claims Against Arms Acres

The Constitution regulates only the conduct of government actors and not that of private parties. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum*, 457 U.S. at 1002). While private parties generally are not state actors, their conduct can be attributed to the state for § 1983 purposes if "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (summary order) (citing

---

[4] To the extent Plaintiff is attempting to make a claim against the City of New York, such a claim must be brought under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "An individual plaintiff may sue a municipality directly under § 1983 only for constitutional deprivations inflicted pursuant to a governmental custom or policy . . . . A municipality may not be held liable under § 1983 for the actions of its employees under a theory of *respondeat superior*." *Florez v. City of Mount Vernon*, 41 F. Supp. 2d 439, 446 (S.D.N.Y. 1999); *see also Monell*, 436 U.S. at 690–91. To be sure, there is nothing in Plaintiff's Complaint that suggests that there was a constitutional violation that resulted from an official policy, custom, or practice, or a knowing failure of supervisory officials to supervise and train municipal employees. *See Monell*, 436 U.S. at 690–91. Therefore, a claim under *Monell* would also be dismissed.

*Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). Plaintiff's Complaint fails to allege any facts showing that Arms Acres is a state actor, that its actions are "fairly attributable to the state," that it conspired with or engaged in joint activity with state actors, or that it violated any of Plaintiff's constitutional rights. Accordingly, Plaintiff's claim against Arms Acres is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, the Complaint, filed *in forma pauperis* ("IFP"), is dismissed with prejudice for failure to state a claim upon which relief may be granted and as barred by absolute immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's allegation of excessive force by a correction officer and because leave to amend should be freely given when justice so requires, *see* Fed. R. Civ. P. 15(a), Plaintiff is granted leave to file an amended complaint.[5] In his amended complaint, Plaintiff must identify the individual or individuals he believes were responsible for the alleged deprivation of his constitutional rights. For each Defendant named in the caption of the amended complaint, Plaintiff must include a brief description of what each Defendant did or failed to do and how each Defendant's act or omission caused him injury. If Plaintiff does not know the name of an individual defendant, he should identify that individual as John or Jane Doe, specify the unit where the individual is employed, and, to the best of his ability, provide a physical description. Plaintiff should also provide the date

[5] Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the original complaint. Moreover, any amended complaint Plaintiff chooses to file must be captioned "Amended Complaint" and bear the same docket number as this Order.

for each incident he alleges. If Plaintiff does not file an amended complaint on or before October 13, 2026, the Court will direct the Clerk of Court to issue judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
September 10, 2026